**T. J. BETTES COMPANY, Appellant,**

v.

**AMERICAN AIRCO, INC., Appellee.**

No. 15427.

Court of Civil Appeals of Texas.

Houston (1st Dist.).

Feb. 6, 1969.

John L. Murchison, Jr., Houston, Vinson, Elkins, Weems & Searls, Houston, of counsel, for appellant.

Childs, Fortenbach, Beck & McClure, Michael R. Waller, Houston, for appellee.

BELL, Chief Justice.

This is an appeal from a summary judgment rendered against appellant in the amount of $1,612.50 with interest. This represents the sale price of five air conditioner compressors that had been sold by appellee to a home builder.

Appellant had financed the construction of five homes and had a lien on the homes being erected and on the lots on which they were being built. A compressor for each home was sold by appellee to the builder and was installed in each home. The builder got into financial difficulty and did not pay appellee. The builder also defaulted in its payments to appellant and appellant foreclosed on the homes in which the compressors had been installed. Appellee demanded of appellant the return of the compressors or payment for them. Appellant refused, contending it had a superior lien. Appellant contended it had a superior chattel mortgage lien executed by the builder on April 26, 1966, and filed for record in the office of the County Clerk of Harris County April 27, 1966, which was before delivery of the compressors on April 28, 1966.

There are two basic questions to be determined on appeal:

1. Was it established as a matter of law that appellee had obtained a chattel mortgage on the compressors?

2. If there was a chattel mortgage, did appellee show as a matter of law that it was filed for record prior to the delivery and installation of the compressors?

Article 5498, Vernon's Ann.Tex.Civ.St., is the material statute. It gives the person

furnishing machinery or other manufactured articles susceptible of being attached to real estate in such a way as to become a fixture the right to obtain a superior lien thereon by obtaining a mortgage evidenced by a written instrument or any written instrument reserving title and filing same for record before location of the article upon the real estate.

We have reached the conclusion that there was a fact issue as to whether appellee ever obtained a chattel mortgage and also whether delivery and installation were prior to the filing of the alleged chattel mortgage.

In a summary judgment proceeding the burden is on the movant to establish as a matter of law all elements constituting his cause of action or his defense. All doubts as to the existence of a genuine issue of a material fact are resolved against the movant. If the motion involves the credibility of affiants or deponents, or the weight of the showings or a mere ground of inference, the motion should not be granted. All conflicts in the evidence are disregarded, and the evidence which tends to support the position of the party opposing the motion is accepted as true. Evidence which favors the movant's position is not considered unless uncontradicted. If such uncontradicted evidence is from an interested witness, it cannot be considered as doing more than raising an issue of fact, unless it is clear, direct and positive *and there are no circumstances in evidence tending to discredit or impeach such testimony*. Great American Reserve Insurance Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41 (Tex.), and authorities there cited.

Also applicable here is the case of Gardner v. Martin, 162 Tex. 156, 345 S. W.2d 274, which holds that certified or sworn copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.

In this case it was essential to recovery by appellee to establish that it had a validly executed instrument that was a chattel mortgage on the compressor or that reserved title thereto. Copies of the five instruments purportedly relied on by appellee were attached to its petition, and the affidavits relied on by appellee referred to the instruments attached to the petition as copies of the chattel mortgages. However, an examination of them shows each is but a contract of sale under which a compressor was sold by appellee to the builder. We do not purport to set out all the provisions because they are not material to any question presented here. We do notice, however, that the price of the compressor and the job address where it is to be installed are stated. The full price was to be paid "at title company closing." The instrument opens with the words, "This Contract of Sale and Chattel Mortgage." There is the provision that appellee shall "alternatively be referred to as 'Seller' and as 'Mortgagee' and that the builder shall "alternatively be referred to as 'Purchaser' and as 'Mortgagor'." There is a paragraph referring to terms and conditions on the reverse side and making the "Contract of Sale and Chattel Mortgage" subject to them. Nowhere in the record appears what those terms and conditions were. Possibly they were the provisions that amount to a chattel mortgage or some reservation of title, but it may not be assumed that they would amount in law to such. Merely calling an instrument a chattel mortgage does not make it such, particularly when followed by words that show merely a contract of sale. To call it a chattel mortgage is to state a legal conclusion. Such does not suffice. There is, therefore, an entire absence of a most material part of a written instrument relied on by appellee, making Gardner v. Martin, supra, directly applicable.

Appellee urges this question was not raised in the trial court and was therefore waived. It relies on cases that hold where there are copies of instruments in the

record that were not sworn or certified, the opposing party waived this deficiency by not excepting in the trial court. None of them were cases in which a material part of the instrument was omitted, and that part which was included, which was vouched for as being the instrument relied on to support recovery or defense, fails to support a material fact.

There is a material issue as to whether the compressors were delivered and installed prior to the filing by appellee of the chattel morgage.

The affidavit of the attorney for appellant as to facts with which he was personally familiar states in substance when in 1967 appellee claimed a superior lien he required that appellant obtain from appellee proof that the units had been installed after the filing of the chattel mortgage. In response to the request of appellant for "delivery tickets" Mr. Goodman, president of appellee, by letter of April 5, 1967, sent copies of five instruments "which he referred to as 'delivery tickets.'" The affidavit states that upon examination of these instruments it was obvious that the date on them had been altered. They had originally been dated April 20, 1966, and as altered they were dated April 28, 1966. Subsequent to the receipt of the "delivery tickets" representatives of appellant and its attorney met with appellee's attorney and it was pointed out to appellee's attorney that the "delivery tickets" had been altered and he admitted they had been altered.

Appellee in support of its motion and its contention that there was no issue of fact as to the date of delivery and installation but that the record shows, as a matter of law, that delivery was April 28, 1966 and installation was on such date or thereafter, submits the affidavits of its president, Mr. Goodman and its credit manager, Mr. Moore. These affidavits admit the altera-tion but affirm that delivery was April 28. They explain why the alteration was made by detailing appellee's method of handling orders for equipment and delivery thereof.

In substance the affidavits state that appellee does not use "delivery tickets" as such but uses order forms and invoices. The order form is used to record the order and is dated the day the order is received. In this case it was April 20. The order is thereafter filled and an invoice is then sent the purchaser and is given the same date as the order. If the invoice is not paid when due, the purchaser is sent a statement of his whole account that remains unpaid and each item on the statement shows the date on which each item not paid for was ordered. With regard to the orders for the compressors they assert the order was made April 20. Appellee would not fill the order because of the builder's financial condition. After requests by the creditors' committee and on learning a chattel mortgage could be taken the sale was approved, the chattel mortgage was taken and filed, and thereafter delivery was made April 28. The affidavit of Mr. Moore stated that the reason no delivery receipt was obtained when the compressors were delivered was there was no representative of the builder on the job.

There are other facts shown in other affidavits but we do not notice them because they do not change our conclusions.

Mr. Goodman and Mr. Moore are interested witnesses. Their explanations may well satisfy the trier of the facts. However, the circumstances tend to cast suspicion on their testimony as given in their affidavits. Their credibility and the weight to be given their testimony is involved. These are matters for the trier of the facts to pass on.

Reversed and remanded.