Gloria R. GUTIERREZ, Appellant,

v.

HACHAR'S DEPARTMENT STORE,
Appellee.

No. 15075.

Court of Civil Appeals of Texas,
San Antonio.

July 26, 1972.

Rehearing Denied Sept. 13, 1972.

**434**

Rocha, Garza-Gongora & Haynes, Roger C. Rocha, George A. Juarez, Laredo, for appellant.

Mann, Cronfel & Mann, Nat B. King, Clifton A. Mann, Laredo, for appellee.

KLINGEMAN, Justice.

This is an appeal from a take-nothing summary judgment rendered against plaintiff, Gloria R. Gutierrez, in favor of defendant, Hachar's Department Store. The parties will be hereinafter referred to as they were in the trial court.

Plaintiff sought recovery for wages allegedly due her as an employee of defendant, after defendant had withheld the sum of $124.99 from the total wages due her to cover a shortage in a cash drawer that was allegedly under the custody and control of plaintiff.[1] Plaintiff also sought punitive damages for alleged malicious withholding.

Plaintiff's sole point of error is that the trial court erred in rendering summary judgment for defendant when the pleadings and affidavits raised numerous disputed genuine material fact issues.

■ At the outset we consider defendant's contention that such point of error is too general and should not be considered by the trial court. Plaintiff's point of error is very general and does not measure up to the standards laid down by the rule pertaining to briefs. Rule 418, Texas Rules of Civil Procedure. However, under a liberal construction of the rule, we will consider the contentions made by plaintiff in her brief, and will look to the statements and arguments made in plaintiff's brief to determine the nature of plaintiff's complaint and the grounds upon which plaintiff apparently relies to support her appeal. Edwards v. Parker, 438 S.W.2d 141 (Tex.Civ.App.—Dallas 1969, no writ); Mooney Aircraft, Inc. v. Adams, 377 S.W.2d 123 (Tex.Civ.App.—Dallas 1964, no writ); Crutchfield v. Associates Investment Co., 376 S.W.2d 957 (Tex.Civ.App.—Dallas 1964, writ ref'd); Covington v. City of Denison, 369 S.W.2d 824 (Tex.Civ.App.—Dallas 1963, no writ); White v. Great American Reserve Ins. Co., 342 S.W.2d 793 (Tex.Civ.App.—Dallas 1961, no writ).

■ We next consider defendant's contention that plaintiff's affidavit in opposition to defendant's motion for summary

1. The defendant acknowledged that some wages were owing to plaintiff and tendered into the registry of the court the sum of $155.56, which it asserts to be the amount owing to plaintiff after taking out the alleged shortage of $124.99.

judgment has no probative force because she did not swear that the facts stated therein are true. Rule 166–A, Texas Rules of Civil Procedure, provides that supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible into evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.

We have carefully examined the affidavit here involved. Such affidavit in part states: ". . . the undersigned Affiant makes this affidavit and thereby under oath states the following: I am over twenty-one years of age, . . . and have personal knowledge of every statement made herein and am fully competent to testify to the matters stated herein:". There then follows a statement of the facts relied upon by plaintiff in opposition to the motion for summary judgment. Such affidavit is signed "Gloria R. Gutierrez" and contains a subscription of a notary public as follows: "SWORN TO AND SUBSCRIBED BEFORE ME by GLORIA R. GUTIERREZ, the said Affiant this the *19th* day of *June* 1971."

While such affidavit does not state in specific words that matters therein stated are true, considering the affidavit from all four corners this would appear to be the effect thereof. Defendant asserts such affidavit to be fatally defective because it does not meet the perjury test. We do not so construe such affidavit. In our opinion, considering the affidavit as a whole, the affiant is swearing to the facts therein stated as being true. We do not regard such affidavit as being fatally defective.

In any event, defendant contends that the trial court did not err in granting summary judgment because: (1) plaintiff did not deny that she was the only person responsible for accounting for the cash in the drawer; (2) her opposing affidavit as to custody and control of the cash drawer states a conclusion without facts to support it; (3) such affidavit at most constitutes no more than a surmise or suspicion; and (4) the construction of plaintiff's written authorization for deduction from her salary is a question of law.

 When a person elects to file a motion for summary judgment pursuant to Rule 166–A, supra, he takes upon himself an extraordinary burden. In a summary judgment proceeding the burden is on the movant to establish as a matter of law all matters constituting his cause of action or his defense.[2] All doubts as to the existence of a genuine issue of material fact are resolved against the movant. If the motion involves the credibility of affiants or deponents, or the weight of the showings, or a mere ground of inference, the motion should not be granted. All conflicts in the evidence are disregarded and the evidence which tends to support the position of the party opposing the motion is accepted as true. Evidence which favors the movant's position is not considered unless uncontradicted. If such uncontradicted testimony is from an interested witness, it cannot be considered as doing more than raising an issue of fact, unless it is clear, direct and positive, and there are no circumstances in evidence tending to discredit or impeach such testimony. Great American Reserve Ins. Co. v. San Antonio

2. Gibbs v. General Motors Corporation, 450 S.W.2d 827, 828 (Tex.1970): "The two quotations illustrate a basic fallacy frequently found in the approach of some of our courts to the matter of rendering or affirming a summary judgment in favor of a defendant. In such cases, the question on appeal, as well as in the trial court, is *not* whether the summary judgment proof *raises fact issues* with reference to the essential elements of a plaintiff's claim or cause of action, but is whether the summary judgment proof *establishes as a matter of law that there is no genuine issue of fact* as to one or more of the essential elements of the plaintiff's cause of action. * * * The provisions of Rule 166–A are applicable alike to defendants and plaintiffs who move for summary judgment; the judgment sought should be granted, and if granted should be affirmed, *only* if the summary judgment record establishes a right thereto as a matter of law."

Plumbing Supply Co., 391 S.W.2d 41 (Tex.1965); Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929 (1952); T. J. Bettes Co. v. American Airco, Inc., 437 S.W.2d 302 [Tex.Civ.App.—Houston (1st Dist.) 1969, no writ]; Johnson v. Floyd West & Co., 437 S.W.2d 298 (Tex.Civ.App.—Dallas 1969, no writ).

This summary judgment is based upon the pleadings and the supporting and controverting affidavits filed by the parties in said case. Defendant asserted in its pleadings that plaintiff agreed in writing as a part of her contract of employment that defendant was authorized to withhold all or part of her salary in order to pay any debt that she might owe defendant; that cash belonging to defendant was handled by plaintiff and was in her exclusive care and kept by her in a cash drawer in defendant's department store; and that there was a shortage in defendant's cash in her custody, which was the result of: (a) an act or omission of plaintiff, unknown to defendant, which could ordinarily be averted by taking the customary precautions or preventive measures; (b) wrongful disregard by plaintiff of her duty; (c) failure by plaintiff to exercise reasonable care and diligence; and (d) lack of skill by plaintiff in performing her duties. Defendant's sole supporting affidavit was made by a security clerk in the employ of defendant, who must be considered as an interested witness. In such affidavit such employee stated that plaintiff was employed by defendant as a sales lady, and as a part of her contract signed an agreement authorizing the defendant to withhold all or any part of the salary earned by her in order to pay in full any debts that she may owe to defendant;[3] that plaintiff in the course of her employment was given the handling of cash belonging to defendant, which was kept by plaintiff under lock and key in a cash drawer in defendant's department store; that plaintiff alone had custody and control of the cash in said drawer; that during a routine security check a shortage of $124.99 in the cash in said drawer was discovered; that after verification the said sum of $124.99 was deducted from plaintiff's pay check; and that prior to such security check no other person other than plaintiff had access to the cash in said drawer or was responsible for the cash therein.

Plaintiff filed a controverting affidavit in which she stated, among other things, that the sum of $124.99 was deducted from her pay check to cover a shortage which was discovered at the cash drawer which she, *among others,* handled; that she was not alone in having custody and control of the register and its contents, because she was not the only one on the premises to have the key that would open said register.

■■ The summary judgment evidence before us does not establish as a matter of law that plaintiff owed defendant a debt of $124.99, or that defendant, as a matter of law, was authorized to withhold this sum from plaintiff's pay check. The agreement signed by plaintiff did not make her a guarantor of all shortage which might be discovered in such cash drawer, such as loss from theft by others, vandalism, fire, arson, or other acts beyond the control of plaintiff. Plaintiff, by signing such statement, did not become responsible for losses or shortages in such cash drawer arising through acts entirely beyond the control of plaintiff. The summary judgment proof will not authorize a summary judgment.

The summary judgment proof in the record before us does not establish, as a matter of law, that there is no genuine issue as to a material fact or that the movant is entitled to a judgment as a matter of

---

3. "I hereby agree that my employer, or any of his representatives, has the authority to withhold all or any part of my salary earned by me in order to pay in full any debts that I may owe to Hachar's Dept. Store, Inc.

/s/ Gloria R. Gutierrez"

law. The trial court erred in granting defendant's motion for summary judgment.

The judgment of the trial court is reversed and remanded for a new trial.