

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-15-00341-CV

**BEXAR COUNTY CIVIL SERVICE COMMISSION**,
Appellant

v.

Carmella **GUERRERO**,
Appellee

From the 225th Judicial District Court, Bexar County, Texas
Trial Court No. 2012-CI-08758
Honorable Antonia Arteaga, Judge Presiding

Opinion by:     Jason Pulliam, Justice

Sitting:        Sandee Bryan Marion, Chief Justice
                Rebeca C. Martinez, Justice
                Jason Pulliam, Justice

Delivered and Filed:  August 17, 2016

AFFIRMED

### INTRODUCTION

This appeal arises from Carmella Guerrero's petition to Bexar County District Court seeking judicial review of a portion of an administrative order rendered by the Bexar County Civil Service Commission (the Commission). After trial on the merits, the district court entered final judgment overturning the contested portion of the Commission's order and awarding Guerrero all relief requested. The Commission now appeals asserting the district court did not properly apply the substantial-evidence standard of review. Specifically, the Commission asserts the district

court's erroneous application of the appropriate standard of review is demonstrated by the fact that the Commission acted within its authority, Guerrero was afforded due process, and substantial evidence existed to support the Commission's action of retaining Guerrero in her demoted position, salary and classification. We affirm the district court's judgment.

## BACKGROUND

Guerrero has been employed as a Bexar County employee since 1993. On October 1, 2010, Guerrero was promoted to the position of IT Services Manager, classified as an E–11 position. Effective November 30, 2010, Guerrero was demoted to the position of Technology Business Analyst, classified as an E–5 position. Guerrero appealed her demotion by filing a complaint with the Commission on December 10, 2010. In her appeal, Guerrero sought "reinstatement of my former position and back pay."

On October 1, 2011, before the Commission reached a decision, the Bexar County Commissioner's Court eliminated the IT Services Manager position. On April 26, 2012, the Commission issued its ruling overturning Guerrero's demotion, finding specifically that "the demotion of Carmella Guerrero should be overturned." The Commission granted Guerrero back pay and benefits for the difference in pay from the time of demotion "until [her] position was eliminated in the budget on October 1, 2011." The Commission further directed that Guerrero remain in her current position as Technology Business Analyst at her current classification and salary. At the end of the hearing, the Chairperson of the Commission, Gina Elliott, stated, "there is no position to put you. The E-11 position that you were in is abolished."

Guerrero appealed to the Bexar County District Court for judicial review of the portion of the Commission's order in which the Commission retained Guerrero in her current position, classification and salary. In her suit, Guerrero sought reinstatement to "her former pre-demotion position", back pay, reinstatement to her "pre-demotion salary" until her retirement or voluntary

work cessation, and reclassification to an E-11 employment status. On December 12, 2014, the district court overturned the appealed portion of the Commission's order in which the Commission directed that Guerrero remain in her current position as Technology Business Analyst at her current classification and salary. The District Court ordered Guerrero reinstated to her position as IT Services Manager and to a level E-11 classification and salary and awarded back pay and benefits in addition to pre and post judgment interest. The district court entered findings of fact and conclusions of law on April 9, 2015. The Commission now appeals.

## STANDARD OF REVIEW

A county employee who has been demoted from the employee's position may appeal such demotion by filing a complaint with the Bexar County Civil Service Commission. *See* TEX. LOC. GOV'T CODE ANN. §§ 158.009, 158.012(a) (West 2008). The employee may appeal a final decision of the Commission by filing a petition in a district court in the county. TEX. LOC. GOV'T CODE ANN. § 158.012(a). "[T]he judgment of the district court is appealable as in other civil cases." TEX. LOC. GOV'T CODE ANN. § 158.012(b).

Texas recognizes a range of standards by which a district court must review administrative decisions: (1) trial *de novo*; (2) substantial evidence rule; and (3) mixed review of substantial evidence *de novo*. *In re Edwards Aquifer Auth.*, 217 S.W.3d 581, 586 (Tex. App.—San Antonio 2006, no pet.); *G.E. Am. Commc'n v. Galveston Cent. Appraisal Dist.*, 979 S.W.2d 761, 764 (Tex. App.—Houston [14th Dist.] 1998, no pet.). Pure trial *de novo* review permits the reviewing district court to conduct an independent fact-finding proceeding in which new evidence is taken and all issues are determined anew. *In re Edwards Aquifer Auth.*, 217 S.W.3d at 586. Review utilizing the substantial evidence rule authorizes the reviewing court to consider only the factual record made before the administrative body and determine if the administrative body's findings, conclusions and action are reasonably supported by substantial evidence. *Id.* "Substantial

evidence *de novo* review, a hybrid standard, allows the reviewing court to hear additional evidence in existence at the time of the administrative hearing, regardless of whether it was actually introduced at the administrative hearing." *Id.*

Judicial review on appeal of a final decision of a county civil service commission, as in this case, is conducted using the "substantial evidence rule". TEX. LOC. GOV'T CODE ANN. § 158.012(b). The Texas Local Government Code goes further to define this "review under the substantial evidence rule." *Id.* at § 158.0121 (West 2008). Under this guidance,

> the district court may not substitute its judgment for the judgment of the commission on the weight of the evidence on questions committed to the commission's discretion but:
>
> (1) may affirm the Commission's decision in whole or in part; and
> (2) shall reverse or remand the case for further proceedings if substantial rights of the petitioner have been prejudiced because the Commission's findings, inferences, conclusions, or decisions are:
>     (A) in violation of a constitutional or statutory provision;
>     (B) in excess of the Commission's authority;
>     (C) made through unlawful procedure;
>     (D) affected by other error of law;
>     (E) not reasonably supported by substantial evidence considering the reliable and probative evidence in the record as a whole; or
>     (F) arbitrary or capricious, characterized by abuse of discretion, or clearly an unwarranted exercise of discretion.

*Id.*; *see also* TEX. LOC. GOV'T CODE ANN. § 158.012(b). Following this established guideline, the substantial-evidence standard of review allows the reviewing court to address aspects of the Commission's decision other than the sole issue whether it is supported by substantial evidence. TEX. LOC. GOV'T CODE ANN. § 158.0121; *see Tex. Dep't of Ins. v. State Farm Lloyds*, 260 S.W.3d 233, 242 (Tex. App.—Austin 2008, no pet.) (referencing TEX. GOV'T CODE ANN. § 2001.174, which is identical to TEX. LOC. GOV'T CODE ANN. § 158.012); *Dep't of Pub. Safety v. Varme*, 262 S.W.3d 34, 38 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (same).

The party appealing to the district court has the burden to show the Commission's decision prejudiced a substantial right and violated at least one of the six elements enumerated in Section 158.0121. *Dep't of Pub. Safety v. Varme*, 262 S.W.3d at 38; *see also* TEX. LOC. GOV'T CODE ANN. § 158.0121(2). Because judicial review under Section 158.0121 utilizes the substantial evidence rule, the district court must give significant deference to the Commission's factual findings, inferences, conclusions, and decisions. *R.R. Comm'n of Texas v. Torch Operating Co.*, 912 S.W.2d 790, 792–93 (Tex. 1995); *Dep't of Pub. Safety v. Hirschman*, 169 S.W.3d 331, 336 (Tex. App.—Waco 2005, pet. denied). With regard to findings of fact, the district court may not substitute its judgment for that of the Commission as to the weight of the evidence or resolution of disputed facts. TEX. LOC. GOV'T CODE ANN. § 158.0121(2); *see also Tex. Health Facilities Comm'n v. Charter Medical–Dallas, Inc.*, 665 S.W.2d 446, 452 (Tex. 1984). Thus, judicial review under the substantial evidence rule presents purely a legal issue, and a trial of the fact issues by a judge or jury is avoided. *In re Edwards Aquifer Auth.*, 217 S.W.3d at 586–87 (citing *Bank of North America v. State Banking Board*, 492 S.W.2d 458, 459 (Tex. 1973)). If the reviewing district court determines substantial evidence supports the Commission's findings on any of the six matters listed in Section 158.0121(2), the administrative decision must be upheld. *See Dep't of Pub. Safety v. Pruitt*, 75 S.W.3d 634, 639–40 (Tex. App.—San Antonio 2002, no pet.).

An appellate court's review of the district court's determination under Section 158.012 and 158.0121 is undertaken *de novo*. *Dep't of Pub. Safety v. Pruitt*, 75 S.W.3d at 640; *Dep't of Pub. Safety v. Cuellar*, 58 S.W.3d 781, 783–84 (Tex. App.—San Antonio 2001, no pet.). In such a review, the appellate court must review questions of law without affording any deference to the district court's conclusion. *Dep't of Pub. Safety v. Pruitt*, 75 S.W.3d at 639–40; *Dep't of Pub. Safety v. Cuellar*, 58 S.W.3d at 784. The question whether the Commission's determination

satisfies the substantial evidence rule as outlined in Section 158.0121 is one of law. *Dep't of Pub. Safety v. Hirschman*, 169 S.W.3d at 336–37 (referencing TEX. GOV'T CODE ANN. § 2001.174).

## ANALYSIS

On appeal to the district court, Guerrero argued the Commission's order that she remain in the demoted position, classification and salary violated all six elements of Section 158.0121(2). The district court reversed the Commission's order, finding it violated four of the six listed elements: (A) violated a constitutional or statutory provision; (B) was in excess of the Commission's authority; (C) was made through unlawful procedure; and (E) was not reasonably supported by substantial evidence. As stated previously, we review the district court's judgment *de novo* and utilize the substantial-evidence standard of review. *Dep't of Pub. Safety v. Pruitt*, 75 S.W.3d at 640.

On appeal to this court, the Commission contends the district court abused its discretion by disregarding the substantial-evidence standard of review, and instead, substituted its own decision. The Commission argues this is evidenced by the fact that the administrative record shows it acted within its authority in ordering that Guerrero remain in her demoted position.[1] The Commission contends it did not have authority to order that Guerrero be reinstated to her pre-demotion position and classification because the position had been abolished. In addition, the Commission asserts Guerrero was afforded due process.[2] Finally, the Commission contends its action was reasonably supported by substantial evidence.[3] Because it awarded Guerrero all of the relief it possibly could due to the elimination of her position, the Commission contends the facts and law support its

---

[1] This argument pertains to the district court's reversal based upon the substantial evidence rule outlined in Section 158.0121, Factor (2)(B).

[2] This argument pertains to the district court's reversal based upon the substantial evidence rule outlined in Section 158.0121, Factor (2)(A).

[3] This argument pertains to the district court's reversal based upon the substantial evidence rule outlined in Section 158.0121, Factor (2)(E).

decision to overturn Guerrero's demotion, yet require that she remain in her current position, classification and salary. Therefore, the Commission contends the district court abused its discretion when it ignored the decision of the Commission and substituted its own judgment.[4]

**1. The Commission's Third Issue on Appeal: Its Action was Reasonably Based Upon Substantial Evidence**

We begin analysis with the Commission's third issue on appeal, argument that its action, or order that Guerrero remain in her demoted position, classification and salary, was supported by substantial evidence. The Commission contends the substantial evidence supporting this action is the fact that Guerrero's position was eliminated.

*Applicable Law*

Substantial evidence is more than a mere scintilla of evidence, but less than a preponderance of the evidence. *R.R. Comm'n of Tex. v. Torch Operating Co.*, 912 S.W.2d at 792–93. In determining whether the Commission's conclusions or decisions are reasonably supported by substantial evidence as required by Section 158.0121(2)(E), the issue for the reviewing district court is not whether the Commission reached the correct conclusion, but rather whether "some reasonable basis exists in the record for the action taken by the [Commission]." *City of El Paso v. Public Util. Comm'n*, 883 S.W.2d 179, 185 (Tex. 1994); *Charter Medical–Dallas, Inc.,* 665 S.W.2d at 452. Thus, the existence of substantial evidence turns on the question of reasonableness. *City of El Paso v. Public Util. Comm'n*, 883 S.W.2d at 185 (stating, "At its core, the substantial evidence rule is a reasonableness test or a rational basis test."). Thus, in conducting review for

---

[4] While the Commission does not specifically challenge the district court's reversal based upon Section 158.0121(2)(C), that is, it was "made through unlawful procedure", the Commission's arguments with regard to Factors (2)(A), (B), and (E) do incorporate this challenge and can be liberally construed to pertain to Factor (2)(C). *See* TEX. R. APP. P. 38.9; *Davis Apparel v. Gale-Sobel, a Div. of Angelica Corp.*, 117 S.W.3d 15, 19 (Tex. App.—Eastland 2003, no pet.) (Court of Appeals is permitted to consider argument contained in appellant's brief that was not expressly stated in appellant's appellate issues under the liberal rules of construction applicable to briefs.); *Gutierrez v. Hachar's Dep't Store*, 484 S.W.2d 433, 434 (Tex. Civ. App.—San Antonio 1972, writ ref'd n.r.e.) (same).

substantial evidence, the district court must determine whether the evidence as a whole is such that reasonable minds could have reached the conclusion the Commission reached in order to justify taking the disputed action. *City of El Paso v. Pub. Util. Comm'n of Tex.*, 883 S.W.2d at 186; *Charter Medical–Dallas, Inc.,* 665 S.W.2d at 452-53.

*Application*

Most administrative appeals in similar circumstances focus on the issue whether the Commission's decision to uphold a demotion is supported by substantial evidence. However, in this case, the Commission overturned Guerrero's demotion, and the Commission concedes its decision to overturn Guerrero's demotion is final and binding.

A court conducting substantial evidence review of an administrative order must presume the agency decision is valid and that substantial evidence supports it. *See Collingsworth Gen. Hosp. v. Hunnicutt*, 988 S.W.2d 706, 708 (Tex. 1998); *Tex. Dep't of Pub. Safety v. Varme*, 262 S.W.3d at 38–39. In addition, "[t]he findings, inferences, conclusions, and decisions of an administrative agency are presumed to be supported by the substantial evidence." *City of El Paso v. Pub. Util. Comm'n of Tex.*, 883 S.W.2d at 185.

In this administrative appeal, the Commission, itself, overturned Guerrero's demotion. Neither party challenges this conclusion in any way, nor does either party seek judicial review of this determination. Therefore, this conclusion that Guerrero's demotion is overturned is presumed valid and is binding on this court, and we begin judicial review with this foundational finding and conclusion. *See City of El Paso v. Pub. Util. Comm'n of Tex.*, 883 S.W.2d at 185–86; *Charter Medical–Dallas, Inc.*, 665 S.W.2d at 453.

Accepting and beginning with the Commission's determination that Guerrero's demotion was validly overturned, we also begin with the premise that substantial evidence must, necessarily, support this decision. *See City of El Paso v. Pub. Util. Comm'n of Tex.*, 883 S.W.2d at 185–86.

Thus, the disputed issue on judicial review becomes the reasonableness of the Commission's action in retaining Guerrero in her demoted position, classification and salary following its resolution of the disputed facts and ultimate decision to overturn Guerrero's demotion, i.e., whether reasonable minds could have reached the conclusion the Commission reached in order to take the disputed action. *See City of El Paso v. Pub. Util. Comm'n of Texas*, 883 S.W.2d at 186; *Charter Medical–Dallas, Inc.*, 665 S.W.2d at 452.

The Commission's action in keeping Guerrero in her current demoted position at her demoted classification and salary effectively repeals its decision to overturn the demotion, in spite of the reasonable basis presumed to support this decision. *See Guerrero v. Bexar County Civil Serv. Comm'n*, 04-12-00523-CV, 2012 WL 6728260, at *1 (Tex. App.—San Antonio Dec. 28, 2012, no pet.) (holding "Under the circumstances of this case, Guerrero is clearly demoted. She previously held an E–11 position and currently holds an E–5 position with a lower pay."). Because Guerrero, effectively, remained demoted, reasonable minds could not have reached the irreconcilable conclusion the Commission reached in retaining Guerrero in her demoted position and salary. *See City of El Paso v. Pub. Util. Comm'n of Texas*, 883 S.W.2d at 186; *Charter Medical–Dallas, Inc.*, 665 S.W.2d at 452.

Upon conclusion that the Commission's action violated a factor in Section 158.0121(2), reversal is warranted only if such action also prejudiced a substantial right of Guerrero. TEX. LOC. GOV'T CODE ANN. § 158.0121(2); *see also Bexar County Civil Serv. Comm'n v. Casals*, 63 S.W.3d 57, 61 (Tex. App.—San Antonio 2001, no pet.).

*Did the Commission's decision affect a substantial right?*

A "substantial right" is an essential right capable of legal enforcement and protection, as distinguished from a mere technical or procedural right. *Right (substantial right)*, BLACK'S LAW DICTIONARY (8th Ed. 2004), p. 1349.

An employee's salary grade and classification affect annual income, benefits received and retirement benefits. Such a right to receive a certain salary and retain a certain classification is an essential right capable of legal protection. *See id*.; *see also Bexar County Civil Serv. Comm'n v. Casals*, 63 S.W.3d at 61.

For these reasons, we conclude the Commission's decision to keep Guerrero in the demoted position at the corresponding classification and salary violated a substantial right.

*Was Guerrero's substantial right prejudiced?*

The Commission's decision to overturn Guerrero's demotion, yet to not reinstate her obviously prejudiced Guerrero's substantial right to the benefits and salary it inherently determined she was due. Therefore, we conclude the Commission's decision to retain Guerrero in her demoted position, salary and classification prejudiced a substantial right.

*Conclusion*

Because this court concludes the Commission's action taken of retaining Guerrero in her demoted position, salary, and classification was not supported by substantial evidence and such action prejudiced a substantial right of Guerrero, the Commission's third issue on appeal is overruled.

**2. First Issue on Appeal: Whether the Commission Acted Within Its Authority**

Having affirmed the district court's reversal of the Commission's action based upon one of the factors listed in 158.0121(2), this court need not address the remaining arguments on appeal. However, the Commission's first issue on appeal can be construed to relate to or potentially dispel this court's previous discussion and conclusion regarding the issue whether substantial evidence supported the Commission's action in retaining Guerrero in her demoted position, classification and salary. Therefore, this court will address the Commission's first issue on appeal as well.

In its first issue on appeal, the Commission argues that even though it overturned Guerrero's demotion, it held no authority to order that Guerrero be reinstated to her pre-demotion position, classification and salary because the Bexar County Commissioner's Court eliminated her position.[5]

First, the evidence in the record reveals the Commissioner's Court only eliminated Guerrero's *position* as IT Services Manager. This elimination of position did not affect Guerrero's pre-demotion classification and salary, nor did it preclude the Commission from reinstating Guerrero to her pre-demotion classification and salary. Therefore, the elimination of Guerrero's position could not constitute a rational basis of precluding the Commission's reinstatement to her pre-demotion classification and corresponding salary. *See City of El Paso v. Pub. Util. Comm'n of Texas*, 883 S.W.2d at 186; *Charter Medical–Dallas, Inc.*, 665 S.W.2d at 452–53.

Second, the Commission did have authority to reinstate Guerrero following determination that her demotion should be overturned. The Commission's authority to act in accordance with its finding and conclusion to overturn Guerrero's demotion and provide back pay is derived from the Local Government Code and from its own administrative rules. *See generally* TEX. LOC. GOV'T CODE ANN. § 158.001 *et seq.*; BEXAR COUNTY CIVIL SERVICE COMMISSION RULES AND REGULATIONS, Policy Number 7.6.14. Section 158.009 of the Local Government Code establishes the "Powers of the Commission", and therein states the Commission shall adopt and enforce rules regarding disciplinary actions and grievance procedures. TEX. LOC. GOV'T CODE ANN. § 158.009 (West 2008). In accordance with Section 158.009, the Commission adopted the "Civil Service Commission Rules and Regulations", specifically Policy Number 7.6.14, titled "Suspension,

---

[5] Essentially, this argument also corresponds to Section 158.0121(2)(B), in that the Commission argues that it would have acted in excess of its authority if it had reinstated Guerrero to her pre-demotion position, classification and salary because the position was eliminated. *See* TEX. LOC. GOV'T CODE ANN. § 158.0121(2)(B).

Demotion or Termination – Appeal & Hearing". Under the subtitle "Hearing", component 17 states, "[i]f the employee is to receive back pay by order of the Commission, the employee shall receive full compensation at the rate of pay that was provided for their position at the time of their appeal or the amount of compensation considered fair. . . . Should the office or department refuse to reinstate the employee as ordered by the Commission, the employee shall be entitled to their full salary just as though they had been reinstated as ordered." BEXAR COUNTY CIVIL SERVICE COMMISSION RULES AND REGULATIONS, Policy Number 7.6.14, Hearing (17).

Thus, Policy Number 7.6.14, requires that upon concluding Guerrero's demotion should be overturned and she should receive back pay, Guerrero must receive full compensation at her rate of pay at the time she filed the appeal of her demotion. Policy Number 7.6.14 directs, and therefore, provides the Commission the authority to reinstate Guerrero. The policy goes further to provide a resolution should Guerrero's department refuse to reinstate her as specifically directed by the Commission, that is, she must continue to receive her full salary (and presumptively her corresponding pre-demotion classification to be entitled to this salary).

Therefore, the directive in Policy No. 7.6.14 that Guerrero continue to receive full salary as though she was reinstated to her pre-demotion position provides the Commission authority to reinstate her at her pre-demotion salary and classification even though her specific position no longer exists. This policy precludes the dichotomous situation that occurred in this case, in that the Commission overturned Guerrero's demotion, yet ordered that she remain in her demoted position, classification and salary.

For this reason, the Commission's first argument on appeal must fail and does not dispel this court's determination that the Commission's action of retaining Guerrero in the demoted position, classification and salary was not reasonably supported by the substantial evidence.

Because this court affirms the district court's judgment based upon Factor (2)(E), finding the Commission's action of retaining Guerrero in the demoted position, classification and salary was not supported by substantial evidence, it need not reach the Commission's argument on appeal that its action did not violate Guerrero's due process rights (correspondent to Factor (2)(A)).

### CONCLUSION

The record reveals the Commission overturned Guerrero's demotion with no attenuation, and this decision is final and binding. The reasonable action upon making this determination is to reinstate Guerrero to her pre-demotion position, classification and salary. The Commission's authority to reinstate Guerrero derives from the Local Government Code and its own Policy Number 7.6.14.

Because we conclude the Commission's action of retaining Guerrero in her demoted position, salary and classification is not reasonably supported by the substantial evidence, and this error prejudiced a substantial right, we affirm the district court's judgment.

Jason Pulliam, Justice