**In re EDWARDS AQUIFER AUTHORITY.**

**No. 04–06–00254–CV.**

Court of Appeals of Texas, San Antonio.

Oct. 18, 2006.

Rehearing Overruled Dec. 5, 2006.

Darcy Alan Frownfelter, Andrew S. (Drew) Miller, Hunter Burkhalter, Ken Slavin, Kemp Smith P.C., Austin, for appellant.

Tom Joseph, Tom Joseph, P.C., San Antonio, Brian E. Berwick, Asst. Atty. Gen., Austin, for appellee.

Sitting: SARAH B. DUNCAN, Justice, (concurring in the judgment only) SANDEE BRYAN MARION, Justice, REBECCA SIMMONS, Justice.

## OPINION

PER CURIAM.

Relator Edwards Aquifer Authority ("Authority") seeks a writ of mandamus compelling the Honorable Donna S. Rayes, Judge of the 81st Judicial District Court, Atascosa County, Texas, to vacate orders denying a motion to strike a jury demand and setting review of the Authority's administrative permitting decision under the substantial evidence de novo rule. The law requires the Authority's permitting decisions to be reviewed under the substantial evidence rule by a judge sitting without a jury. Because the trial court did not apply the law properly and the Authority's appellate remedy is inadequate, we will conditionally grant the writ.

### FACTUAL AND PROCEDURAL BACKGROUND

The Edwards Aquifer Authority is a constitutionally-created conservation and reclamation district that regulates groundwater. The real parties in interest, Burrell Day and Joel McDaniel, landowners in Atascosa County, applied to the Authority for a permit to withdraw groundwater from the Edwards Aquifer. After a contested hearing before the State Office of Administrative Hearings, an administrative law judge recommended that the Authority issue a groundwater permit but in a much smaller amount than Day and McDaniel had requested. The Authority signed an order adopting the administrative law judge's proposal for decision on March 11, 2003.

Day and McDaniel filed a petition asking the district court to reverse the Authority's permit order and remand the matter to the Authority.[2] Their suit seeks a

2. The petition's conclusion seeks this relief:

"This Court should reverse the Order and decision of the Edwards Aquifer Authority, permitting only 14 acre feet for Plaintiffs and remand the matter to the Authority with instructions to the Board to reconsider its decision in accordance with the following judgment of this Court that:

1. 300 acres of land were irrigated by Plaintiffs through mesne owners before them;

2. The water used for irrigation was Edwards Aquifer Water.

3. The irrigation of such 300 acres took place during the historical period which extended from *June 1, 1972*, through *May 31, 1993*.

4. In the alternative, the permitting of 14 acre feet under the circumstances of this case constitutes the taking of the real property of *Plaintiffs without compensation* which is a violation of the State Constitution, and Plaintiffs are entitled to a sum of *$4,587,000.00* as damages.

5. In the alternative, the *Edwards Aquifer Act* is unconstitutional in requiring impossible proof to retain a property right already vested.

6. Section 11.021(a) of the Water Code is unconstitutional when applied to confiscate groundwater [on] behalf of the State without just compensation."

"judgment" on several factual findings, and alleges the Authority's permitting decision was an unconstitutional "taking," and that the Edwards Aquifer Act and § 11.021(a) of the Texas Water Code violate the Texas Constitution.[3] The petition includes a jury demand.

Relying on Chapter 36 of the Texas Water Code, the Authority moved to strike the jury demand and to limit the scope of the trial to the record presented in the administrative hearing as required by the substantial evidence rule. *See* TEX. WATER CODE ANN. § 36.253 (Vernon 2000); TEX. GOV'T CODE ANN. §§ 2001.174, 2001.175(e) (Vernon 2000). The trial court denied both motions, set the matter for a jury trial, and ordered the "appeal from the decision of the Edwards Aquifer Authority [ ] be heard under the 'SUBSTANTIAL EVIDENCE DE NOVO' Rule." The Authority then brought this original proceeding to challenge these orders.

### STANDARD OF REVIEW

■■■ Mandamus relief is available if the trial court abuses its discretion and there is no adequate remedy by appeal. *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex.1992) (orig. proceeding). A trial court's failure to analyze or apply the law correctly constitutes an abuse of discretion. *Id.* at 840. When a party has a clear right to avoid a jury trial and the trial court refuses to strike a jury demand, a writ of mandamus may issue to correct the error. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 138–40 (Tex.2004) (orig. proceeding) (directing the trial court to quash a jury demand and set case on the nonjury docket when the parties had contractually waived their right to jury trial); *In re*

*Wells Fargo Bank Minnesota N.A.*, 115 S.W.3d 600, 611–12 (Tex.App.-Houston [14th Dist.] 2003, orig. proceeding) (same); *Union Pacific Fuels, Inc. v. Johnson*, 909 S.W.2d 130, 135 (Tex.App.-Houston [14th Dist.] 1995, orig. proceeding) (granting mandamus relief when the trial court erred in setting a plea in abatement for jury trial).

### JUDICIAL REVIEW OF AUTHORITY PERMITTING DECISIONS

■■■ Texas recognizes a range of standards for reviewing administrative decisions: (1) pure trial de novo; (2) pure substantial evidence; and (3) substantial evidence de novo. *G.E. Am. Commc'n v. Galveston Cent. Appraisal Dist.*, 979 S.W.2d 761, 764 (Tex.App.-Houston [14th Dist.] 1998, no pet.). Pure trial de novo review permits the reviewing court to conduct an independent fact-finding proceeding in which new evidence is taken and all issues are determined anew. *Id.* Pure substantial evidence review authorizes the reviewing court to consider only the factual record made before the administrative body and determine if its findings are reasonably supported by substantial evidence. *Id.* Substantial evidence de novo review, a hybrid standard, allows the reviewing court to hear additional evidence in existence at the time of the administrative hearing, regardless of whether it was actually introduced at the administrative hearing. *Id.* at 764–65.

■■■ When applying the substantial evidence rule, a reviewing court looks only at the record made before the administrative body and determines if its findings are reasonably supported by substantial evidence. *Pretzer v. Motor Vehicle Board,*

---

**3.** The petition expressly states it is "not to be interpreted to be a request for determination of any issue based upon the U.S. Constitution or Federal Law." In spite of this disclaimer, it appears that the trial court has considered federal constitutional claims on summary judgment.

125 S.W.3d 23, 32–33 (Tex.App.-Austin 2003), *aff'd in part, rev'd in part*, 138 S.W.3d 908 (Tex.2004); *Dallas County Civil Serv. Comm'n v. Warren*, 988 S.W.2d 864, 869–70 (Tex.App.-San Antonio 1999, no pet.) (holding the trial court erred in submitting substantial evidence issue to the jury). The trial court may not substitute its judgment on factual issues for that of the administrative body. *Warren*, 988 S.W.2d at 869–70. Review under the substantial evidence rule presents purely a legal issue, and a trial of the fact issues by a judge or jury is avoided. *Id.* at 870; *Bank of North America v. State Banking Board*, 492 S.W.2d 458, 459 (Tex.1973).

Chapter 36, Subchapter H, of the Texas Water Code, titled "Judicial Review," outlines the procedure for judicial review of decisions, rules, and orders made by groundwater districts. *See* TEX. WATER CODE ANN. §§ 36.251–36.254 (Vernon 2000). These provisions incorporate well-established principles of traditional substantial evidence review. Section 36.251 authorizes persons "affected by and dissatisfied with" any order made by a groundwater district to challenge the validity of the order by filing suit against the district. *Id.* at § 36.251. In the trial of the suit, the petitioner has the burden of proof and the challenged order is deemed prima facie valid. *Id.* at § 36.253. The review is governed by the substantial evidence rule "as defined by Section 2001.174, Government Code." *Id.* Section 2001.174 of the Government Code requires a reviewing court to reverse or remand if the complaining party's substantial rights have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: in violation of a constitutional or statutory provision; in excess of the agency's statutory authority; made through unlawful procedure; affected by other error of law;

not reasonably supported by substantial evidence considering the reliable and probative evidence in the record as a whole; or are arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion. *See* TEX. GOV'T CODE ANN. § 2001.174(2)(A)-(F) (Vernon 2000). Judicial review under section 2001.174 is conducted by a trial judge sitting without a jury and is confined to the administrative record. TEX. GOV'T CODE ANN. § 2001.175(e) (Vernon 2000) (detailing the procedures for substantial evidence review under § 2001.174 of the Government Code).

### DOES CHAPTER 36 GOVERN THE UNDERLYING PROCEEDING?

■ The Authority argues the trial court erred in not applying the judicial review provisions found in Chapter 36 [4] to Day's and McDaniel's appeal. Day and McDaniel counter that the application of Chapter 36 is barred by collateral estoppel and their appeal is based solely on the Authority's administrative rules.

Chapter 36 applies to "any district or authority created under Section 52, Article III, or Section 59, Article XVI, Texas Constitution, that has the authority to regulate the spacing of water wells, the production from water wells, or both." *See* TEX. WATER CODE ANN. § 36.001(1) (Vernon Supp. 2006). The Authority was created as a conservation and reclamation district under Section 59, Article XVI, of the Texas Constitution, and has the authority to regulate both the spacing of water wells and water well production. *See Act of May 30, 1993*, 73rd Leg., R.S., ch. 626, §§ 1.02, 1.11(b), 1.13–1.23, 1.25–1.26,1.31, 1.33, 1.35, 1993 Tex. Gen. Laws 2350, 2351–66. Additionally, the Edwards Aquifer Act confers on the Authority "all of the rights, powers,

---

**4.** "Chapter 36" refers to Chapter 36 of the Texas Water Code.

privileges, authority, functions, and duties provided by the general law of this state, including Chapters 50, 51, and 52, Water Code, applicable to an authority created under Article XVI, Section 59, of the Texas Constitution." *See id.* § 1.08(a). In 1995, Chapter 52 of the Water Code was recodified and many of its provisions were placed in Chapter 36. *See Act of May 29, 1995,* 74th Leg., R.S., ch. 933, §§ 2, 6, Tex. Gen. Laws 4673, 4679, 4701. Based on the plain language of the statute, we hold that Chapter 36 of the Water Code applies to the Authority.[5]

▮▮▮ Day and McDaniel contend that collateral estoppel bars the application of Chapter 36 to their appeal. As a general rule, collateral estoppel extends only to those issues of fact or law that were expressly or necessarily determined in the prior action. *SWEPI, L.P. v. Camden Resources, Inc.,* 139 S.W.3d 332, 339 (Tex. App.-San Antonio 2004, pet. denied). To invoke collateral estoppel on the basis of a prior administrative order, a party must show the administrative agency was acting in a judicial capacity and resolved disputed issues of fact properly before it which the parties had an adequate opportunity to litigate. *Id.* Day and McDaniel do not meet this standard. The issue of whether the judicial review provisions of Chapter 36 govern Day's and McDaniel's appeal was not decided in the administrative proceedings, and therefore, does not affect the application of Chapter 36 to this case. We conclude collateral estoppel does not preclude the application of Chapter 36 to the Authority.

▮▮▮ Nor are we persuaded by Day's and McDaniel's argument that their ap-

peal is governed solely by the Authority's administrative rules. Generally, administrative orders are not subject to judicial review unless a statute specifically provides such a right or unless the administrative order affects a vested property right or a constitutional right. *See Gen. Servs. Comm'n v. Little–Tex Insulation Co., Inc.,* 39 S.W.3d 591, 599 (Tex.2001); *but see Texas Dept. of Protective and Regulatory Serv. v. Mega Child Care, Inc.,* 145 S.W.3d 170, 173 (Tex.2004) (when agency's enabling statute neither specifically authorizes nor prohibits judicial review, Administrative Procedure Act provides an independent right to judicial review of administrative decisions).

▮▮▮ Day and McDaniel stress that their petition does not cite to Chapter 36; however, the mere failure to cite the controlling statute does not render it inapplicable. When the legislature creates a right to appeal from an administrative decision, the applicable provisions are mandatory and exclusive and must be complied with fully. *Bouldin v. Bexar County Sheriff's Civil Service Com'n,* 12 S.W.3d 527, 529 (Tex.App.-San Antonio 1999, no pet.); *United Independent School Dist. v. Gonzalez,* 911 S.W.2d 118, 122 (Tex.App.-San Antonio 1995), *writ denied per curiam,* 940 S.W.2d 593 (Tex.1996). Here, the substance of the petition shows it is an appeal of the Authority's permitting order. The judicial review provisions of Chapter 36 plainly govern such an appeal. *See* Tex. Water Code Ann. §§ 36.251, 36.253 (Vernon 2000).

▮▮▮ Day and McDaniel next contend we must "presume" that § 2001.174 of the

---

**5.** As further support for this conclusion, we note the Legislature expressly omitted the Authority from another section in Chapter 36. *See* Tex. Water Code Ann. § 36.205(e)(1) (Vernon Supp.2006) (stating subsection (c) does not apply to the Edwards Aquifer Authority). If the Legislature had intended to exclude the Authority from the judicial review provisions of Chapter 36, it would have done so expressly.

Government Code—part of the current Administrative Procedure Act—does not apply to their appeal because the Legislature repealed a statute making the Authority "subject to" the former Administrative Procedure and Texas Register Act.[6] *See* TEX. GOV'T CODE ANN. § 2001.002 (Vernon 2000). We disagree. Section 36.253 of the Water Code expressly incorporates § 2001.174 and makes it applicable to appeals from orders made by groundwater districts. TEX. WATER CODE ANN. § 36.253 (Vernon 2000).

### APPLICATION OF SUBSTANTIAL EVIDENCE RULE

We first consider the trial court's ruling that Day's and McDaniel's appeal be heard under the substantial evidence de novo rule rather than the substantial evidence rule. A court reviewing the Authority's permitting decisions is confined to the administrative record. *See* TEX. WATER CODE ANN. § 36.253 (Vernon 2000); TEX. GOV'T CODE ANN. §§ 2001.174, 2001.175(e) (Vernon 2000). "By conducting a second evidentiary hearing, the court severely undermines the authority and usefulness of the evidentiary hearing conducted by the [administrative body]." *Gilder v. Meno,* 926 S.W.2d 357, 361 (Tex. App.-Austin 1996, writ denied). We conclude that by ordering that the "appeal from the decision of the Edwards Aquifer Authority [ ] be heard under the 'SUBSTANTIAL EVIDENCE DE NOVO' Rule," the trial court failed to apply the law properly.

Day and McDaniel argue the substantial evidence de novo standard is necessary in this case to allow them to present evidence excluded from the administrative proceedings. We disagree. Under the substantial evidence rule, an appealing party has the right to petition the reviewing court to remand the case so that additional evidence may be taken before the administrative body. *See* TEX. GOV'T CODE ANN. § 2001.175(c) (Vernon 2000). The only instance in which a reviewing court may admit new evidence is when the administrative record fails to reflect procedural irregularities alleged to have occurred in the administrative hearing. *See* TEX. GOV'T CODE ANN. § 2001.175(e) (Vernon 2000). Day and McDaniel do not argue, and the record does not show, that either provision applies to their appeal.

### FAILURE TO STRIKE JURY DEMAND

Next we consider the trial court's failure to strike the jury demand. The right to a jury trial does not attach to appeals from permit decisions by the Edwards Aquifer Authority. *Barshop v. Medina County Underground Water Conserv. Dist.,* 925 S.W.2d 618, 636 (Tex.1996) (holding the Texas Constitution does not guarantee the right to trial by jury in appeals from administrative permitting decisions filed in the district court). Additionally, substantial evidence review as defined by § 2001.174 of the Government Code expressly provides the review shall be conducted by a court sitting without a jury. *See* TEX. GOV'T CODE ANN. §§ 2001.174, 2001.175(e) (Vernon 2000).

Day and McDaniel urge their suit is more than an appeal and their constitutional allegations, particularly their damages issues, provide them a right to a jury trial. Again, we disagree. When a re-

**6.** Section 1.11(h) of Edwards Aquifer Act provided: "The authority is subject to the open meetings law [ ], the open records law[ ], and the Administrative Procedure and Texas Register Act [ ]." *See Act of May 30, 1993,* 73rd Leg., R.S., ch. 626, § 1.11(h), 1993 Tex. Gen. Laws 2350, 2359. In 2001, the Legislature repealed section 1.11(h). *See Act of May 27, 2001,* 77th Leg., R.S., ch. 966, § 6.03, 2001 Tex. Gen. Laws 1991, 2075.

viewing court determines that an administrative decision violates a constitutional provision, it is authorized to reverse the decision or to remand the matter to the administrative body. *See* Tex. Gov't Code Ann. § 2001.174(2)(A) (Vernon 2000). Thus, judicial review under the substantial evidence rule encompasses the constitutional issues raised by Day and McDaniel.[7] *See id.*

The Authority has a clear right to proceed to a final determination without a jury. *See* Tex. Water Code Ann. § 36.253 (Vernon 2000); Tex. Gov't Code Ann. §§ 2001.174, 2001.175(e) (Vernon 2000); *Barshop*, 925 S.W.2d at 636. By refusing to strike the jury demand and setting the appeal for a jury trial, the trial court failed to apply the law correctly. The Authority has established the trial court clearly abused its discretion.

### Adequacy of Appellate Remedy

To show itself entitled to mandamus relief, the Authority also must establish it has no adequate remedy by appeal. *See Prudential*, 148 S.W.3d at 135–36. Determining whether a party has an adequate remedy by appeal requires a careful balance of jurisprudential considerations that implicate both public and private interests. *In re Ford Motor Co.*, 165 S.W.3d 315, 318 (Tex.2005). "[W]hether an appellate remedy is 'adequate' so as to preclude mandamus review depends heavily on the circumstances presented." *Prudential*, 148 S.W.3d at 137. Important factors include the complete lack of authority for the trial court's order, the impact on the legal system, and whether the error is likely to recur. *Id.* at 137–138. Our analysis is guided by *Prudential's* reasoning:

Mandamus review of significant rulings in exceptional cases may be essential to preserve important substantive and procedural rights from impairment or loss, allow the appellate courts to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments, and spare private parties and the public the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings.

*Prudential*, 148 S.W.3d at 136.

The mandamus record before us shows extensive contested proceedings took place before an administrative law judge, including discovery, briefing, and a full evidentiary hearing. Now, the trial court has ordered the parties to engage in a second evidentiary proceeding before a jury. By its error, the trial court has fundamentally altered the nature of the judicial review prescribed by statute.

This case marks the first of the Authority's permit cases to proceed to a full contested administrative hearing. As a result, this situation is likely to recur. Clarification of the judicial review process at this juncture may benefit other reviewing courts and litigants. This, coupled with the complete lack of authority for the trial court's orders and the waste of public resources in conducting an unauthorized jury trial and evidentiary hearing, compels us to find that the benefits of mandamus review outweigh the detriments. The Authority contends that enforcing its clear statutory right to proceed without a jury is as compelling as enforcing a contractual waiver of jury trial. We agree. The Authority has shown it has no adequate remedy by appeal.

---

**7.** Additionally, Day's and McDaniel's constitutional issues have been resolved against them by summary judgment.

The petition for a writ of mandamus is conditionally granted. We anticipate that, in accordance with our opinion, Judge Rayes will withdraw her March 31, 2006 order denying the Authority's motion to strike the jury demand, and enter an order granting the motion and setting the matter for trial on the non-jury docket. We further anticipate that Judge Rayes will withdraw her April 11, 2006 order that the appeal is to be heard under the substantial evidence de novo rule, and enter an order that the appeal is to be heard under the substantial evidence rule. The writ will only issue upon certification to this court that she has not done so within ten days from the date of this opinion.