# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-16-00236-CV

8 Mile Park, L.P., Appellant

v.

Texas Commission on Environmental Quality, Appellee

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT
NO. D-1-GN-14-005443, HONORABLE GISELA D. TRIANA, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

On October 8, 2014, appellee the Texas Commission on Environmental Quality rendered a final default order assessing administrative penalties against appellant 8 Mile Park, L.P. The order was mailed to 8 Mile by certified mail, return receipt requested, on October 14. On November 6, 8 Mile filed a motion for rehearing of the default order, asserting that the motion was timely filed because the order was sent on October 14 and 8 Mile was presumed to have received the order three days later under the Administrative Procedure Act ["APA"]. *See* Act of April 16, 1999, 76th Leg., R.S., ch. 18, § 1, 1999 Tex. Gen. Laws 35, 35, *amended by* Act of May 22, 2015, 84th Leg., R.S., ch. 625, § 4, 2015 Tex. Gen. Laws 2058, 2059 ["former Tex. Gov't Code § 2001.142(c)" or "former section 2001.142(c)"]. On November 10, 8 Mile filed an "Unopposed Not Objected to Motion for Extension of Time" to file an amended or supplemental motion for rehearing, and the Commission sent a letter on November 25 purporting to grant the motion and to extend the time

for filing an amended supplemental motion for rehearing to November 24. After the Commission informed 8 Mile that the motion for rehearing had been overruled, 8 Mile filed suit for judicial review. The Commission has filed a motion to dismiss, arguing for the first time[1] that the trial court lacked jurisdiction over the suit because 8 Mile's November 6 motion for rehearing was filed one day after the deadline ran. Because we agree, we vacate the trial court's final judgment and dismiss the underlying proceeding for want of jurisdiction.

## Discussion

An appeal from an administrative proceeding is not a matter of right but instead must be granted by statute. *Jones v. State Bd. of Educator Certification*, 315 S.W.3d 237, 243 (Tex. App.—Austin 2010, pet. denied); *Texas Alcoholic Beverage Comm'n v. Sfair*, 786 S.W.2d 26, 27 (Tex. App.—San Antonio 1990, writ denied). A party seeking to appeal an administrative order must strictly comply with the statute that authorizes the appeal. *Jones*, 315 S.W.3d at 243. As we said in *Jones*, "we note the importance of construing the APA to allow parties to rely on the finality of agency decisions," and "'[w]ithout a mandatory adherence to the time limits specified in the [APA], the finality of administrative agency decisions would be uncertain and not in the public interest.'" *Id.* (quoting *Houston Mobilfone, Inc. v. Public Util. Comm'n*, 565 S.W.2d 323, 327 (Tex. Civ. App.—Eastland 1978, no writ)).

---

[1] Subject matter jurisdiction may be raised for the first time on appeal. *City of Houston v. Rhule*, 417 S.W.3d 440, 442 (Tex. 2013). The jurisdictional question posed here does not implicate the merits of 8 Mile's case, and we therefore will decide the issue based on the undisputed facts as established by the record. *See University of Tex. v. Poindexter*, 306 S.W.3d 798, 807-08 (Tex. App.—Austin 2009, no pet.).

In an administrative proceeding, a timely motion for rehearing is generally a jurisdictional prerequisite to an appeal. *See* Tex. Gov't Code § 2001.145; *Marble Falls Indep. Sch. Dist. v. Scott*, 275 S.W.3d 558, 565 (Tex. App.—Austin 2008, pet. denied). A decision in a contested case is final "on the expiration of the period for filing a motion for rehearing" if a motion for rehearing is not timely filed. Tex. Gov't Code § 2001.144(a)(1); *Scott*, 275 S.W.3d at 565 (order is final "when the time to file a motion for rehearing expires without a motion being filed"). "Because a party is required to exhaust all available administrative remedies before seeking judicial review, the APA must be construed in a manner that allows litigants to clearly recognize when those remedies have been exhausted." *Jones*, 315 S.W.3d at 243. At the time in question, a motion for rehearing was due twenty days after 8 Mile was notified of the order. *See* Act of May 4, 1993, 73rd Leg., R.S., ch. 268, § 1, 1993 Tex. Gen. Laws 583, 748, *amended by* Act of May 22, 2015, 84th Leg., R.S., ch. 625, § 9, 2015 Tex. Gen. Laws at 2060-61 [" former Tex. Gov't Code § 2001.146(a)" or "former section 2001.146(a)"]; *City of Jacksboro v. Two Bush Cmty. Action Grp.*, No. 03-10-00860-CV, 2012 WL 2509804, at *3 (Tex. App.—Austin June 28, 2012, pet. denied) (mem. op.).

The Commission's final default order was dated October 8, 2014, notice of and a copy of the order was mailed to 8 Mile on October 14,[2] and 8 Mile filed its motion for rehearing on

---

[2] In its reply to the Commission's motion to dismiss, 8 Mile states that the Commission has not proved that it mailed the default order on October 14. However, in its motion for rehearing, 8 Mile repeatedly referred to the Commission's letter notifying 8 Mile of the default order as being dated October 14, and in its motion for extension of time filed before the Commission on November 18, 8 Mile stated, "October 8, 2014 is the date of the Commission's [Order] with respondent being notified by certified mail dated October 14, 2014 pursuant to 30 TAC §2.71(b) '*presumption to have been notified on the third day after the date of that decision or order is mailed...*[sic].'" In its letter purporting to extend 8 Mile's deadline for filing an amended or supplemental motion for rehearing, dated November 25, the Commission stated that it mailed notice of the default order on October 14.

3

November 6.  The only question to be answered in evaluating the Commission's motion to dismiss is whether the record shows that 8 Mile received notice of the final order on October 16 or whether, under former section 2001.142(c), 8 Mile is presumed to have received notice on October 17.[3]

The administrative record introduced before the trial court includes a certification sworn to by the Commission's custodian of records, who certified that the record was "a true and correct copy of the administrative record" and that "[t]he records attached hereto are the exact duplicates of the original."  Our resolution of the issue is based on Exhibit 37 of the administrative record, which consists of the October 8 order; a cover letter addressed to Ronald Finkelman, 8 Mile's president, and dated October 14, 2014, which states, "Enclosed is a copy of an order issued by the Commission," and states that it was sent by certified mail; a copy of a certified mail receipt, showing a mailing was sent to 8 Mile; and a copy of the signed "green card," which reflects the Commission's

And finally, in its petition for judicial review, 8 Mile stated that it was "notified by mail on the third day after which the date on which the notice was mailed."  8 Mile never disputed below that the Commission did in fact mail the default order on October 14, and the record establishes October 14 as the date of mailing.

Similarly, 8 Mile asserts that the record does not prove that it filed its motion for rehearing on November 6, 2014, but numerous documents in the administrative record state that the motion for rehearing was filed on November 6.  For example, attached to 8 Mile's Motion To Supplement and/or Modify the Existing Motion for Rehearing" was an affidavit from its authorized representative, who stated that he had drafted and prepared the "motion to supplement or amend [8 Mile]'s Motion for Rehearing Filed November 6, 2014," and that he suffered a power outage on November 6, which resulted in the omission of appendices from the motion for rehearing.  The record establishes that 8 Mile filed its motion for rehearing on November 6, 2014.

[3] If the record establishes that 8 Mile actually received notice of the order on October 16, the three-day presumption granted by former section 2001.142(c) disappears.  *See City of Jacksboro v. Two Bush Cmty. Action Grp.*, No. 03-10-00860-CV, 2012 WL 2509804, at *4 n.1 (Tex. App.—Austin June 28, 2012, pet. denied) (mem. op.) (quoting *Temple Indep. Sch. Dist. v. English*, 896 S.W.2d 167, 169 (Tex. 1995)).

4

docket number and 8 Mile's permit number and shows the mailing was received at 8 Mile's address by "R Ramos" on October 16, 2014. The certified mail receipt and the signed green card are part and parcel of the default order sent to 8 Mile, and thus the administrative record shows that the order was sent to 8 Mile on October 14 and received on October 16.

8 Mile asserts that Exhibit 37 shows only receipt of "an unidentified document from an unidentified person that allegedly was received by the person who signed the certified mail receipt on the date stated in the certified mail receipt." However, the applicable rules or statutes do not require that an administrative order specify the certified mail number used, and 8 Mile's argument would require us to imply a procedural irregularity or some failing on the Commission's part resulting in the erroneous attaching to the exhibit certified mail receipts that did not belong with the final order. 8 Mile would bear the burden of alleging and showing some likelihood of such an error,[4] *see In re Edwards Aquifer Auth.*, 217 S.W.3d 581, 589 (Tex. App.—San Antonio 2006, orig. proceeding) (although reviewing court may admit new evidence related to procedural irregularities, real parties in interest "do not argue, and the record does not show" that such provision would apply), and we will not assume that the administrative record contains errors based on 8 Mile's

---

[4] The APA allows a reviewing court to admit and consider evidence outside of the administrative record if there are allegations that procedural irregularities occurred in the administrative proceeding. *See* Tex. Gov't Code § 2001.175(e); *Gomez v. Texas Educ. Agency*, 354 S.W.3d 905, 918-19 (Tex. App.—Austin 2011, pet. denied); *In re Edwards Aquifer Auth.*, 217 S.W.3d 581, 589 (Tex. App.—San Antonio 2006, orig. proceeding); *see also Hawkins v. State*, 89 S.W.3d 674, 678-79 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd) (stating in context of certification of penitentiary packet that courts apply "presumption of regularity of governmental affairs" "because public officials have a disincentive to falsify documents or otherwise violate the law in the course of their duties"). 8 Mile has not made such assertions, nor does anything in the record raise the specter of irregularities in the mailing of the final order or in the Commission's record-keeping related to that mailing.

bare assertions that the administrative record contains "an alleged copy of a certified mail receipt for an unidentified document from an unidentified person that allegedly was received by the person who signed the certified mail receipt on the date stated in the certified mail receipt" and does not prove "that the TCEQ mailed the subject default order to 8 Mile Park on October 14, 2014; (2) that 8 Mile Park received the notice of the subject default order on October 16, 2014, or (3) that 8 Mile Park filed its motion for rehearing on November 6, 2014."

**Conclusion**

"If a party does not timely file a motion for rehearing, the trial court lacks subject-matter jurisdiction over a suit for judicial review of the agency's decision." *Two Bush Cmty. Action Grp.*, 2012 WL 2509804, at *3. The administrative record reflects that the order was sent by certified mail on October 14 and was signed for by someone at 8 Mile's address on October 16. Therefore, 8 Mile's motion for rehearing was due on November 5. *See* former Tex. Gov't Code § 2001.146(a). Its untimely filing of its first motion for rehearing on November 6 was not sufficient to grant the trial court jurisdiction over the suit for judicial review. *See Two Bush Cmty. Action Grp.*, 2012 WL 2509804, at *3; *Scott*, 275 S.W.3d at 565. Nor did the Commission's purported granting of an extension of time to amend or supplement the motion, a motion filed well after the deadline ran, operate to give the trial court jurisdiction. *See Two Bush Cmty. Action Grp.*, 2012 WL

6

2509804, at *7.[5]  We have no choice but to vacate the trial court's judgment and dismiss the underlying suit for judicial review.

_____

David Puryear, Justice

Before Justices Puryear, Field, and Bourland

Vacated and Dismissed

Filed:   August 31, 2016

---

[5]  8 Mile cites *De La Garza v. Texas Department of Insurance* and asserts that in that case, we held "that the Commissioner of Insurance . . . was authorized to extend the deadline to file a motion for rehearing after the deadline to file the motion for rehearing had passed." *See* No. 03-11-00869-CV, 2015 WL 1285702 (Tex. App.—Austin Mar. 19, 2015, no pet.) (mem. op.).  In *De La Garza*, however, the Department itself asserted that the deadline for filing a motion for rehearing "initially was December 30, 2009, and then February 19, 2010, after the Department granted him an extension by written order." *Id.* at *2 (citations omitted).  The Department did not assert that its granting of the extension of time was unauthorized, and thus the issue was not squarely before us.  However, to the extent that *De La Garza* can be read as implying that a state agency may grant a motion for extension of time that is filed after the deadline to file a motion for rehearing has passed, we disavow such a conclusion.  *See Two Bush Cmty. Action Grp.*, 2012 WL 2509804, at *7 ("If the APA does not allow a party to amend a motion for rehearing after the filing deadline, then it follows that it would not allow an agency to grant a request to extend the filing deadline that was made after the deadline passed."); *see also Anderson v. Railroad Comm'n*, 963 S.W.2d 217, (Tex. App.—Austin 1998, pet. denied) ("The APA makes no provision for amending a motion for rehearing after the filing deadline."); *Snead v. Texas State Bd. of Med. Exam'rs*, 753 S.W.2d 809, 811 (Tex. App.—Austin 1988, no writ) (under APTRA, former version of APA; "First, there is no provision in the Administrative Procedure and Texas Register Act permitting one to file an amended motion for rehearing.  Second, if an amended motion for rehearing were permitted, § 16(e) would require that it be filed within fifteen days after rendition of the final agency order.").

7