

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-20-00152-CV

Lakshmana **VISWANATH**,
Appellant

v.

**THE CITY OF LAREDO**,
Appellee

From the 49th Judicial District Court, Webb County, Texas
Trial Court No. 2019CVK001492D1
Honorable Jose A. Lopez, Judge Presiding

Opinion by: Beth Watkins, Justice

Sitting: Rebeca C. Martinez, Chief Justice
Luz Elena D. Chapa, Justice
Beth Watkins, Justice

Delivered and Filed: April 14, 2021

MOTION TO DISMISS DENIED; AFFIRMED IN PART; REVERSED AND REMANDED IN PART

Appellant Lakshmana Viswanath challenges the trial court's summary judgment in favor of appellee the City of Laredo in his appeal of the City of Laredo Ethics Commission's ruling against him. In this appeal, Viswanath argues the trial court erred because the Commission's finding that his ethics complaint was frivolous was arbitrary, capricious, and unlawful. He also argues the Commission's imposition of attorney's fees was unlawful. The City filed a motion to dismiss arguing we lack jurisdiction over this appeal. We deny the City's motion, affirm the portion of the trial court's order in favor of the City as to the Commission's frivolous finding,

reverse the portion of the summary judgment as to attorney's fees, and remand the cause to the trial court to determine whether substantial evidence was presented to the Commission to support its award of $7,900.68 in attorney's fees.

**BACKGROUND**

Viswanath is the founder of a government watchdog group known as Our Laredo. In December of 2018, Councilman Dr. Marte Martinez defeated Viswanath in a runoff election for Laredo City Council District 6. After the defeat, members of Our Laredo met with the Co-City Managers and the City Attorney alleging that Councilman Martinez had "a prohibited personal finance interest" and asking that he be removed from office. The request was denied on the basis that the city staff lacked authority to unilaterally remove an elected councilmember from office.

On May 9, 2019, a member of Our Laredo, Victor Gomez, filed an ethics complaint against the Co-City Managers arguing they were required to "ensure" that Councilman Martinez forfeit his seat due to his alleged conflict of interest. Viswanath notarized Gomez's complaint. On May 29, 2019, Viswanath filed an additional ethics complaint against the Co-City Managers arguing they unfairly advanced the private interest of certain developers at the expense of the general population by recommending that City Council pass two ordinances that increased the overall utility rate. The Co-City Managers filed a response and requested sanctions against Viswanath and Gomez, arguing both ethics complaints were frivolous.

The Commission dismissed both complaints, concluding they did not allege violations of the Laredo Ethics Code and therefore did not invoke the Commission's jurisdiction. The Commission also voted to hold an evidentiary hearing on the Co-City Managers' request for sanctions. After finding both complaints frivolous, the Commission publicly admonished Gomez and ordered Viswanath to pay the maximum civil fine—$500.00—plus $7,900.68 in attorney's fees to the Commission's conflicts counsel.

Viswanath filed a verified petition in district court appealing the Commission's decision. Viswanath sought a declaration under the Uniform Declaratory Judgments Act (UDJA) "that the Commission's decision against [him] was arbitrary, capricious, unlawful, and unsupported by substantial evidence." Viswanath also sought to recover attorney's fees. The City filed a plea to the jurisdiction, arguing Viswanath failed to invoke a waiver of the City's governmental immunity from suit, and a motion for summary judgment, arguing substantial evidence supported the Commission's decision as a matter of law. Viswanath responded to the City's motion and filed his own motion for summary judgment, arguing his ethics complaint was not groundless, filed in bad faith, or filed for purposes of harassment as a matter of law. The trial court denied the City's plea, granted the City's motion for summary judgment, and implicitly denied Viswanath's competing motion for summary judgment.[1] Viswanath now appeals.

## ANALYSIS

### The City's Motion to Dismiss

We begin our analysis with the motion to dismiss the City filed in this court. The City argues we lack jurisdiction over this appeal because Viswanath did not properly follow the appeal process described in the Ethics Code—an appeal to the district court governed by the substantial evidence rule—when he filed a petition seeking relief under the UDJA. According to the City, the UDJA only waives governmental immunity for questions about the construction or validity of an ordinance, and Viswanath's petition instead challenged the actions the City took under the ordinance, a claim for which immunity is not waived.

---

[1] *See Tex. Mut. Ins. Co. v. Ochoa*, No. 04-09-00401-CV, 2010 WL 2844464, at *5 (Tex. App.—San Antonio July 21, 2010, no pet.) (mem. op.) (recognizing trial court may implicitly deny motion for summary judgment by granting another party's competing motion for summary judgment).

Governmental immunity deprives courts of jurisdiction over lawsuits against certain governmental entities unless those entities expressly consent to suit. *San Antonio River Auth. v. Austin Bridge & Road, L.P.*, 601 S.W.3d 616, 626 n.51 (Tex. 2020). Governmental entities can consent to suit through their legislative enactments, but only to the extent of those legislative enactments. *See Tex. Nat. Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 853–54 (Tex. 2002); *Brown & Gay Eng'g, Inc. v. Olivares*, 461 S.W.3d 117, 122 (Tex. 2015). Whether a trial court has subject-matter jurisdiction is a question of law we review de novo. *Wheelabrator Air Pollution Control, Inc. v. City of San Antonio*, 489 S.W.3d 448, 451 (Tex. 2016).

The legislative enactment at issue here, section 8.08 of the Ethics Code, provides:

> A decision of the Ethics Commission is final unless the person aggrieved by the decision appeals to the State District Court in Webb County no later than (30) days after the date the Commission renders the decision. An appeal of a Commission decision is initiated by filing a verified petition setting forth the specific points of error alleged. The District Court shall review an appeal under this section under the substantial evidence rule, and must base its decision solely on review of the record of the hearing before the Ethics Commission. The Trial Court shall affirm the decision of the Ethics Commission and shall not substitute its judgment for that of the Commission unless the Commission's decision was arbitrary, capricious, unlawful, or unsupported by substantial evidence.

LAREDO, TEX., CODE OF ETHICS div. 8, § 8.08(i) (2019). This language expressly waives governmental immunity for appeals of Commission decisions. *See Tex. Dep't of Protective & Regulatory Servs. v. Mega Child Care, Inc.*, 145 S.W.3d 170, 198 (Tex. 2004). Here, Viswanath timely filed a verified petition in state district court in Webb County. Viswanath therefore properly invoked the limited waiver of governmental immunity described by section 8.08(i).

The City argues, however, that Viswanath's request for declaratory relief does not fall within the UDJA's waiver of immunity since it does not challenge the validity of an ordinance. The City's argument, however, confuses section 8.08's waiver of immunity with Viswanath's right to relief in the appeal that section describes. *See id.*; *see also Gruber v. Tex. State Bd. of Pharmacy*,

619 S.W.2d 564, 567 (Tex. App.—San Antonio 1981, no writ) (denying motion to dismiss on immunity grounds where administrative procedure created right to appeal). The City has waived its immunity in the circumstances described in section 8.08; Viswanath's filing complied with the requirements of section 8.08. We therefore deny the City's motion to dismiss.

### *The Parties' Motions for Summary Judgment*

In its motion for summary judgment, the City argued it was entitled to judgment as a matter of law because substantial evidence supported the Commission's finding that Viswanath's complaint was frivolous. In contrast, Viswanath's motion for summary judgment and response argued his complaint was not groundless, filed in bad faith, or filed for the purposes of harassment, so the Commission's finding was arbitrary, capricious, and unlawful.

### *Standard of Review*

"We review a trial court's summary judgment de novo." *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). When, as here, a party moves for traditional summary judgment, that party bears the burden of showing no genuine issues of material fact exist and it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). If the movant establishes its right to judgment as a matter of law, the burden shifts to the non-movant to present evidence to raise a genuine issue of material fact. *See Weed v. Frost Bank*, 565 S.W.3d 397, 401 (Tex. App.—San Antonio 2018, pet. denied). We review the evidence presented in the light most favorable to the party against whom summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could and disregarding contrary evidence unless reasonable jurors could not. *Mann Frankfort Stein*, 289 S.W.3d at 848. Where, as here, both parties move for summary judgment on the same issue and the trial court grants one motion and denies the other, we consider

both parties' evidence and render the judgment the trial court should have rendered. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).

### *Applicable Law*

The parties agree the trial court was required to review the Commission's decision under the substantial evidence rule. *See In re Edwards Aquifer Auth.*, 217 S.W.3d 581, 586 (Tex. App.—San Antonio 2006, orig. proceeding) (recognizing range of standards for reviewing administrative decisions). "When applying the substantial evidence rule, a reviewing court looks only at the record made before the administrative body and determines if its findings are reasonably supported by substantial evidence." *Id.* Under the substantial evidence rule, "[t]he issue for the reviewing court is not whether the agency's decision was correct, but only whether the record demonstrates some reasonable basis for the agency's action." *Mireles v. Tex. Dep't of Pub. Safety*, 9 S.W.3d 128, 131 (Tex. 1999). The evidence produced in the record may preponderate against the agency's decision but nonetheless amount to substantial evidence. *City of El Paso v. Pub. Util. Comm'n of Tex.*, 883 S.W.2d 179, 185 (Tex. 1994). The Texas Supreme Court has recognized that appeals under the substantial evidence rule are uniquely suited to summary judgment because the only issue before the court is a question of law. *Tex-Fin, Inc. v. Ducharne*, 492 S.W.3d 430, 439 (Tex. 2016).

### *Application*

Here, because the trial court disposed of these claims on competing motions for summary judgment, we apply summary judgment standards to determine whether substantial evidence supported the Commission's decision that Viswanath's complaint was frivolous. At the sanctions hearing, the Commission was required to follow Texas Rule of Civil Procedure 13, which permits the imposition of sanctions for filing a suit that is groundless—i.e., not based in law or fact—and

brought in bad faith or for the purposes of harassment. LAREDO, TEX., CODE OF ETHICS div. 8, § 8.04(c)(3) (2019); TEX. R. CIV. P. 13.

The record shows that Viswanath testified at both hearings. At the initial hearing, Viswanath testified he was involved in filing both the complaint about Councilman Martinez and the complaint about the utility rate. The record shows that before the complaint about Councilman Martinez was filed, Viswanath received an email from one of the Co-City Managers explaining that the financial interest Viswanath complained of "is not one that is prohibited under the Code of Ethics," and "we cannot proceed with an investigation for it is out of our authority." Before the complaint about the utility rate was filed, Viswanath met with the Co-City Managers and City Attorney multiple times, and each time the Co-City Managers explained that they would not take any action. At the sanctions hearing, Viswanath testified that the objection he raised in his complaint about the utility rate was that the Co-City Managers "made the wrong recommendation"—a recommendation which was ultimately accepted by City Council. The Commission's attorney explained that even assuming Viswanath's complaint was true, it did not allege a violation of the Ethics Code, and therefore did not invoke the Commission's jurisdiction. Viswanath disagreed with that legal conclusion.

Based on this evidence, the Commission could have reasonably determined that Viswanath was aware the Co-City Managers lacked authority to perform the investigation or grant the relief he requested, yet still filed his complaint in a groundless attempt to compel them to do so in bad faith or for the purposes of harassment. Substantial evidence supported the Commission's decision, so the trial court was required to affirm it as a matter of law. *See In re Edwards Aquifer Auth.*, 217 S.W.3d at 586–87; *see City of El Paso*, 883 S.W.2d at 185. We therefore conclude the trial court properly determined the City met its summary judgment burden to show as a matter of law that the Commission's decision was supported by substantial evidence. *See* LAREDO, TEX.,

CODE OF ETHICS div. 8, § 8.08(i); TEX. R. CIV. P. 166a(c); *In re Edwards Aquifer Auth.*, 217 S.W.3d at 586–87; *see City of El Paso*, 883 S.W.2d at 185.

Having found the City met its summary judgment burden, we must now determine whether Viswanath presented evidence that would raise a genuine issue of material fact or conclusively establish he was entitled to judgment as a matter of law on his own motion. *See Weed*, 565 S.W.3d at 401. We conclude he did not. In his summary judgment motion and response, Viswanath argued that the Commission's finding of frivolousness was based solely on his written pleadings rather than on any evidence of groundlessness, bad faith, or harassment. On appeal, he contends that Texas Rule of Civil Procedure 13 prohibited the imposition of sanctions against him on this record. *See* TEX. R. CIV. P. 13. However, this argument ignores the evidence described above, that Viswanath filed an ethics complaint against the Co-City Managers after he was explicitly informed that they lacked authority to perform the investigation or to impose the remedy he sought. The trial court did not err by concluding that Viswanath's motion and response neither demonstrated he was entitled to judgment as a matter of law nor raised a genuine issue of material fact about whether substantial evidence supported the Commission's decision. *See Cmty. Health Sys. Prof'l Servs. Corp v. Hansen*, 525 S.W.3d 671, 681 (Tex. 2017); *Weed*, 565 S.W.3d at 401. We therefore overrule Viswanath's complaints to the contrary.

### *Authority to Award the Commission's Attorney's Fees*

During its hearings, the Commission was represented by attorney Ryan Henry, who served as conflicts counsel. On appeal, Viswanath contends the Commission lacked authority to order him to pay Henry's attorney's fees because the Ethics Code only authorizes "the Respondent" to recover its attorney's fees, and Henry represented the Commission, and not the respondents named in Viswanath's complaint—the Co-City Managers.

The City included a copy of the Ethics Code as summary judgment evidence. Section 8.04(d) of the Ethics Code authorizes the Commission to impose as sanctions: (A) "A civil penalty of not more than $500"; (B) "[A]ttorneys' fees incurred by Respondent"; and (C) "Any other sanction permitted by law." LAREDO, TEX., CODE OF ETHICS div. 8, § 8.04(d)(2) (2019). While Viswanath contends the Commission may only require him to pay the attorney's fees incurred by the Co-City Managers, we do not read section 8.04(d)(2) so narrowly—subsection (C) expressly permits the Commission to impose "[a]ny other sanction permitted by law" which would include the attorney's fee award here. *See, e.g., Allen-Burch, Inc. v. Tex. Alcoholic Beverage Comm'n*, 104 S.W.3d 345, 352 (Tex. App.—Dallas 2003, no pet.) ("An agency has broad discretion in determining which sanction best serves the statutory policies committed to the agency's oversight."). We therefore conclude that the Commission was authorized to order Viswanath to pay Henry's attorney's fees under section 8.04(d)(2)(C).

### *Amount of the Commission's Attorney's Fees*

Again, when both parties move for summary judgment on the same issue and the trial court grants one motion and denies the other, the reviewing court considers the summary judgment evidence presented by both sides, determines all questions presented and, if it determines the trial court erred, renders the judgment the trial court should have rendered. *See Tex. Workforce Comm'n v. Wichita County*, 548 S.W.3d 489, 492 (Tex. 2018). To be entitled to summary judgment on the amount of its attorney's fees, the City was required to present evidence conclusively establishing the amount of that award. Before the Commission, however, *no* evidence was presented to support the $7,900.68 amount. The only discussion regarding the amount of Henry's attorney's fees occurred when Henry informed the Commission:

> If you find the complaint to be frivolous, your options to impose a form of penalty would include a civil penalty not to exceed $500, payment of attorney's fees associated with filing a frivolous complaint -- which would be mine, and now I'd

need to get an accurate number, but roughly about $4500. Or three, what the code
says is another penalty that you're authorized by law to impose.

The only other summary judgment evidence presented to substantiate the amount of attorney's fees was two invoices for court reporting services from the two Commission hearings totaling $876. Our appellate record, however, does not show that these invoices were before the Commission when it ordered Viswanath to pay Henry's attorney fees.

We are required to render the judgment the trial court should have. *See id.* Here, the City's evidence did not conclusively establish that substantial evidence supported the award of $7,900.68 in attorney's fees, and therefore did not shift the summary judgment burden to Viswanath. *See Ducharne*, 492 S.W.3d at 439; *see also Nath v. Tex. Children's Hosp.*, 576 S.W.3d 707, 709 (Tex. 2019) ("Before a court may exercise its discretion to shift attorney's fees as a sanction, there must be some evidence of reasonableness because without such proof a trial court cannot determine that the sanction is 'no more severe than necessary' to fairly compensate the prevailing party."). As a result, the trial court should have denied the portion of the City's motion for summary judgment affirming the Commission's order requiring Viswanath to pay $7,900.68 in attorney's fees. *See, e.g., Wichita County*, 548 S.W.3d at 492. We therefore reverse that portion of the summary judgment order and remand the cause to the trial court to determine whether substantial evidence was presented to the Commission to support its award of $7,900.68 in attorney's fees. *See Ducharne*, 492 S.W.3d at 439; *In re Edwards Aquifer Auth.*, 217 S.W.3d at 586–87.

## CONCLUSION

Based on the foregoing, we: affirm the portion of the trial court's summary judgment with regard to the Commission's finding that Viswanath's complaint was frivolous; reverse the portion of the summary judgment ordering Viswanath to pay $7,900.68 in attorney's fees as sanctions; and remand the issue regarding the amount of attorney's fees to the trial court to determine whether

substantial evidence was presented to the Commission to support its award of $7,900.68 in attorney's fees.

Beth Watkins, Justice