# NO. 12-22-00285-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *TEXAS DEPARTMENT OF PUBLIC SAFETY,*<br>*APPELLANT* | § | *APPEAL FROM THE* |
| | § | *COUNTY COURT AT LAW NO. 2* |
| *V.* | | |
| *JOHNATHAN KENNEDY,*<br>*APPELLEE* | § | *ANGELINA COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

The Texas Department of Public Safety (DPS) appeals from an order reversing a decision by an administrative law judge of the State Office of Administrative Hearings (SOAH), upholding the suspension of Johnathan Kennedy's driver's license. We reverse and render.

## BACKGROUND

Officer Reagan Jordan of the Lufkin Police Department arrested Kennedy for driving while intoxicated,[1] and DPS issued an administrative suspension of his driver's license. Kennedy contested the suspension by requesting an administrative hearing. At the hearing on April 29, 2022, DPS moved to quash Kennedy's subpoena of Jordan for untimely service, which the administrative law judge (ALJ) granted. Jordan attempted to appear at the hearing using Zoom, but technical problems with the platform prevented her attendance. The ALJ ultimately found that the suspension was justified and on May 3, issued an order sustaining the suspension. Kennedy subsequently appealed the decision to the Angelina County Court at Law.

---

[1] Eventually, the State dismissed the DWI charge against Kennedy. However, dismissal of a criminal charge generally does not affect a driver's license suspension; only an acquittal requires DPS to rescind a suspension. TEX. TRANSP. CODE ANN. § 524.035 (West 2021). A dismissal only carries the weight of an acquittal when jeopardy has attached, that is, after both sides have announced ready for trial and the defendant has pleaded to the charging instrument. *See Texas Dep't of Pub. Safety v. Nielsen*, 102 S.W.3d 313, 316 (Tex. App.—Beaumont 2003, no pet.); *Texas Dep't of Pub. Safety v. Stacy*, 954 S.W.2d 80, 82 (Tex. App.—San Antonio 1997, no writ).

At the hearing before the County Court at Law on August 30, over DPS's motion to quash Kennedy's second subpoena of Jordan, the court permitted Officer Jordan to testify about the circumstances surrounding her stop of Kennedy's vehicle, the subsequent arrest, and her technical difficulties in appearing at the administrative hearing via Zoom. The trial court additionally viewed video footage from Jordan's police car camera, although it did not explicitly rule on the admissibility of either the testimony or the video footage. On September 29, the trial court issued an order reversing the administrative decision.

DPS subsequently appealed. Kennedy, through counsel, filed a letter with this Court indicating that he did not intend to contest this appeal, and has not filed a brief in opposition.

### JUDICIAL REVIEW OF ADMINISTRATIVE DRIVER'S LICENSE SUSPENSION

In a single issue, DPS contends that the trial court erred both by hearing the testimony of Officer Jordan and by reversing the ALJ's decision without the administrative record before it.

### Standard of Review

Judicial review of administrative driver's license suspension decisions employs the substantial evidence standard; this standard requires the reviewing court to decide not whether the ALJ's order was correct, but only whether the record demonstrates some reasonable basis for the agency's action. *See Mireles v. Texas Dep't of Pub. Safety*, 9 S.W.3d 128, 131 (Tex. 1999). Administrative orders by state agencies are presumed valid and supported by substantial evidence; the party contesting the decision has the burden to prove otherwise. *See Collingsworth Gen. Hosp. v. Hunnicutt*, 988 S.W.2d 706, 708 (Tex. 1998); *City of El Paso v. Pub. Util. Comm'n of Texas*, 883 S.W.2d 179, 185 (Tex. 1994). The reviewing court must affirm the ALJ's decision if more than a scintilla of evidence supports it and may not substitute its own judgment on the weight of the evidence on questions committed to the state agency's discretion. TEX. GOV'T CODE ANN. § 2001.174 (West 2021); *see Mireles*, 9 S.W.3d at 131.

Substantial evidence review presents a question of law. *See Dyer v. Texas Comm'n on Env't Quality*, 646 S.W.3d 498, 505 (Tex. 2022). Because the reviewing court has no discretion in determining what the law is or applying the law to the facts, a court of appeals reviews a trial court's substantial evidence review de novo. *See Texas Dep't of Pub. Safety v. Valdez*, 956 S.W.2d 767, 769 (Tex. App.—San Antonio 1997, no pet.); *Texas Dep't of Pub. Safety v. Struve*, 79 S.W.3d 796, 800 (Tex. App.—Corpus Christi 2002, pet. denied).

**Applicable Law**

When completing a judicial review of an administrative body's decision, including an administrative suspension of a driver's license, the reviewing court is generally confined to considering *only* the factual record made before the administrative agency. TEX. TRANSP. CODE ANN. § 524.043(a) (West 2021); TEX. GOV'T CODE ANN. § 2001.175(a) (West 2021); *see In re Edwards Aquifer Auth.*, 217 S.W.3d 581, 586 (Tex. App.—San Antonio 2006, no pet.) (citing *Nueces Canyon Consol. Indep. Sch. Dist. v. Cent. Educ. Agency*, 917 S.W.2d 773, 776 (Tex. 1996)). The party seeking judicial review is charged with offering the state agency's record of the administrative proceeding into evidence at the hearing before the reviewing court. TEX. GOV'T CODE ANN. § 2001.175(d); *see Nueces Canyon*, 917 S.W.2d at 776; *Texas Dep't of Pub. Safety v. Story*, 115 S.W.3d 588, 597 (Tex. App.—Waco 2003, no pet.).

The reviewing court may only admit new evidence when it pertains to procedural irregularities alleged to have occurred before the ALJ which are not contained in the record. TEX. GOV'T CODE ANN. § 2001.175(a). If a party wishes to present other evidence that was not before the agency at the previous proceeding, it must apply to the trial court to present that evidence, and if the trial court finds that (1) the evidence is material, and (2) there existed good cause for its absence from the record, then the court may order the party be allowed to present the additional evidence before the administrative law judge. TEX. TRANSP. CODE ANN. § 524.043(a); TEX. GOV'T CODE ANN. § 2001.175(c).

**Analysis**

As the party seeking judicial review of an administrative order, Kennedy was required by law to offer, and the trial court was required to admit, the administrative record into evidence as an exhibit. *See* TEX. GOV'T CODE ANN. § 2001.175(d). The transcript of the August 30 hearing shows Kennedy did not tender the administrative record into evidence. Further, DPS asserts, and the appellate record before us confirms, that the administrative record was not before the trial court at all.

Accordingly, the trial court erred when it permitted Officer Jordan to testify at the hearing over DPS's motion to quash. The Transportation Code required the trial court to base its review on the record of the proceeding before the ALJ, "with no additional testimony." TEX. TRANSP. CODE ANN. § 524.043(a). Although the trial court could receive new evidence about procedural irregularities that occurred before the ALJ, those procedural irregularities must also

have been absent from the administrative record. *See* TEX. GOV'T CODE ANN. § 2001.175(a). Here, much of Jordan's testimony referenced the circumstances surrounding her stop of Kennedy's vehicle and the subsequent arrest rather than any procedural issues. And absent the administrative record, we cannot determine whether any of the procedural issues raised in the trial court were already contained in the administrative record. Moreover, even had Kennedy applied to the trial court to present Jordan's testimony as additional evidence, and the trial court found both that the testimony was material and that its absence from the administrative proceeding was for good cause, the trial court was not authorized by law to hear the testimony itself, but only given discretion to order that Kennedy present the additional evidence before the SOAH. TEX. GOV'T CODE ANN. § 2001.175(a); *see **Langford v. Emps. Ret. Sys. of Texas***, 73 S.W.3d 560, 565 (Tex. App.—Austin 2002, pet. denied).

As previously stated, when determining whether an ALJ's decision upholding a driver's license suspension is supported by substantial evidence, the reviewing court is limited by law to considering only the factual record developed in the proceeding before the state agency. *See **Edwards Aquifer***, 217 S.W.3d at 586. When, as here, the administrative record is not before the reviewing court, there is no evidence for the court to review, and no basis on which the court can determine whether the ALJ's decision was supported by substantial evidence. *See **Texas Dep't of Pub. Safety v. Lavender***, 935 S.W.2d 925, 929–30 (Tex. App.—Waco 1996, writ denied); ***Soliman v. Bd. of L. Examiners***, No. 03-00-00169-CV, 2000 WL 1862658, at *2 (Tex. App.—Austin Dec. 21, 2000, no pet.) (op., not designated for publication); ***Arreaga v. Bexar Cnty. Sheriff's Dep't,*** 90 S.W.3d 899, 901–02 (Tex. App.—San Antonio 2002, no pet.). Having failed to present the administrative record to the trial court, Kennedy cannot carry his burden to demonstrate that the ALJ's order is unsupported by substantial evidence or otherwise erroneous, and the presumption that the findings and decisions of an administrative agency are valid and supported by substantial evidence prevails. *See **City of El Paso***, 883 S.W.2d at 185. Accordingly, we hold that the trial court erred in reversing the ALJ's decision to suspend Kennedy's driver's license. We sustain DPS's sole issue.

## DISPOSITION

Having sustained DPS's sole issue, we *reverse* the trial court's order reversing the ALJ's decision and *render* judgment upholding the administrative suspension of Kennedy's driver's license.


**BRIAN HOYLE**
Justice


Opinion delivered March 31, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 31, 2023**

**NO. 12-22-00285-CV**

**TEXAS DEPARTMENT OF PUBLIC SAFETY,**
Appellant
V.
**JOHNATHAN KENNEDY,**
Appellee

Appeal from the County Court at Law No. 2

of Angelina County, Texas (Tr.Ct.No. 192-22-CV)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this Court that there was error in judgment as entered by the court below and that same should be reversed and judgment rendered.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that the judgment of the trial court in favor of Appellee, **JOHNATHAN KENNEDY,** be, and the same is, hereby **reversed** and judgment **rendered** upholding the administrative suspension of **JOHNATHAN KENNEDY'S** driver's license.

All costs in this cause expended both in this Court and the trial court below be, and the same are, adjudged against the Appellee, **JOHNATHAN KENNEDY,** for which let execution issue; and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*